Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| GISSEL BON ROSARIO Y OTROS<br><br>Apelantes<br><br>v.<br><br>DORADO HEALTH, INC. H/N/C MANATÍ MEDICAL CENTER Y OTROS<br><br>Apelados | TA2026AP00065 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: AR2021CV00796<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de enero de 2026.

Comparece Héctor Velásquez León, su esposa Gissel Bon Rosario y la sociedad legal de bienes gananciales compuesta por ambos; así como sus hijos Génesis, Caleb y Jacob, todos de apellido Velásquez Bon (en conjunto, parte apelante) mediante un recurso de apelación, para solicitarnos la revisión de la *Sentencia* parcial emitida y notificada el 5 de noviembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Arecibo.[1] Mediante la *Sentencia parcial* apelada, el foro primario desestimó con perjuicio la causa de acción contra el doctor Francisco Lafontaine Avilés (en adelante, doctor Lafontaine Avilés o apelado).

Por los fundamentos que expondremos, se *desestima* el recurso por falta de jurisdicción.

I

En lo pertinente al caso de marras, surge de los autos que, el 5 de noviembre de 2025, el tribunal de instancia emitió una

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC TPI), a la Entrada Núm. 184.

*Sentencia parcial* la cual notificó en esa misma fecha.[2] Dicho dictamen constituye el apelado. Producto de esta *Sentencia parcial* el foro *a quo* desestimó de forma sumaria la causa de acción interpuesta contra el doctor Lafontaine Avilés.

Tras haber quedado insatisfecho con el dictamen, el 20 de noviembre de 2025, la parte apelante interpuso una *Moción de reconsideración a sentencia parcial.*[3] En respuesta, mediante *Orden* emitida y notificada el 24 de noviembre de 2025, el foro de instancia declaró *No Ha Lugar* la solicitud de reconsideración.[4]

Así las cosas, el 17 de diciembre de 2025, se celebró vista sobre conferencia con antelación a juicio y/o vista transaccional celebrada mediante videoconferencia.[5] Durante la vista, se discutieron varios asuntos y trámites relacionados al caso.[6]

Por otro lado, se desprende de los autos ante el foro de instancia en el SUMAC TPI que, en la misma fecha en que se celebró la vista, el foro de instancia volvió a notificar la *Orden* del 24 de noviembre de 2025 – *donde se resolvió la solicitud de reconsideración-*, mediante dos (2) volantes de *Notificación Enmendada.*[7]

---

[2] SUMAC TPI, a la Entrada Núm. 184. La *Sentencia parcial* fue notificada el 5 de enero de 2025, a los siguientes representantes legales: (i) Carlos Vicente Morell Caballero; (ii) Francisco D. Rivera Maldonado; (iii) Jely A. Cedeño Richiez; (iv) Joanna M. Nevares Rivero; (v) Jorge J. López López; (vi) Shakira Santiago y (vii) Marilena Román Gandulla. El Lcdo. Morell Caballero representa a la parte apelante; el Lcdo. Rivera Maldonado representa también a la parte apelante; la Lcda. Cedeño Richiez representa al doctor Porfirio Franqui Flores; la Lcda. Nevares Rivera representa al doctor Lafontaine Avilés; el Lcdo. López López representa también al doctor Lafontaine Avilés, y la Lcda. Román Gandulla representa a Dorado Health Inc.

[3] SUMAC TPI, a la Entrada Núm. 185. La moción de reconsideración fue notificada de forma simultánea a través del SUMAC TPI a los siguientes: (i) Carlos Vicente Morell Caballero; (ii) Francisco D. Rivera Maldonado; (iii) Jely A. Cedeño Richiez, y (iv) Marilena Román Gandulla.

[4] SUMAC TPI, a la Entrada Núm. 186. La *Orden* denegando la solicitud de reconsideración fue notificada a los siguientes: (i) Carlos Vicente Morell Caballero; (ii) Francisco D. Rivera Maldonado; (iii) Jely A. Cedeño Richiez, y (iv) Marilena Román Gandulla.

[5] SUMAC TPI, a la Entrada Núm. 191.

[6] *Íd.*

[7] *Íd.*, a la Entrada Núm. 186. Uno de los volantes de Notificación Enmendada se le notificó a: (i) Carlos Vicente Morell Caballero; (ii) Francisco D. Rivera Maldonado; (iii) Jely A. Cedeño Richiez; (iv) Marilena Román Gandulla; y (v) Miguel G. Laffitte Lopez-Cepero. El otro de los volantes de Notificación Enmendada se le notificó a: (i) Carlos Vicente Morell Caballero; (ii) Francisco D. Rivera Maldonado;

En desacuerdo, el 16 de enero de 2026, compareció ante nos la parte apelante mediante un recurso de apelación para solicitar la revocación de la *Sentencia parcial* emitida por el foro de instancia.

En el interín, mediante *Resolución y Orden* emitida el 16 de enero de 2026, y notificada el 20 del mismo mes y año, a las 11:50:30 am,[8] el foro de instancia, en lo atinente, emitió la siguiente determinación:

> SE ORDENA A SECRETARÍA que la determinación del Tribunal en la Entrada 186 sobre SENTENCIA SUMARIA PARCIAL se le notifique a la representación legal del Dr. Francisco Lafontaine Avilés.[9]

Entonces, de los autos se desprende que, en esa misma fecha, la *Sentencia parcial* objeto de este recurso, fue notificada nuevamente mediante *Notificación Enmendada* del 20 de enero de 2025.[10]

Por otro lado, el 20 de enero de 2026, a las 5:05 pm, compareció ante esta Curia el doctor Lafontaine Avilés mediante una *Solicitud de desestimación del recurso de apelación por falta de jurisdicción.* Adujo que el recurso interpuesto por la parte apelante fue presentado vencido el término para así hacerlo.

Por su parte, en esa misma fecha, horas más tarde, compareció la parte apelante mediante *Urgente Moción en torno a la jurisdicción de este foro.* Negó que el recurso se hubiese presentado

---

[8] SUMAC TPI, a la Entrada Núm. 193.

[9] *Íd.*

[10] SUMAC TPI, a la Entrada Núm. 184. La *Sentencia parcial* fue notificada nuevamente, mediante Notificación Enmendada el 20 de enero de 2026, a los siguientes representantes legales: (i) Carlos Vicente Morell Caballero; (ii) Francisco D. Rivera Maldonado; (iii) Jely A. Cedeño Richiez; (iv) Joanna M. Nevares Rivero; (v) Jorge J. López López; y (vi) Marilena Román Gandulla. Es decir, se excluyó a Shakira Santiago del volante de notificación. Surge de las Notas de la Secretaría en el volante de notificación que dicha enmienda fue realizada de acuerdo con la *Resolución y Orden* emitida el 15 de enero de 2026, por el juez Santiago Cordero. No pudimos constatar de los autos ante el foro apelado que hubiese una *Resolución y Orden* emitida el 15 de enero de 2026, pero sí, del día siguiente, notificada el 20 de enero de 2026. Véase el SUMAC TPI, a la Entrada Núm. 193. Tampoco pudimos constatar que en efecto esa hubiese sido la instrucción emitida por el juez de instancia, si no, que lo que se ordenó notificar fue lo resuelto en el SUMAC TPI, a la Entrada Núm. 186.

(iii) Jely A. Cedeño Richiez; (iv) Joanna M. Nevares Rivero; (v) Jorge J López López, y (vi) Marilena Román Gandulla.

de forma tardía y solicitó se aclarara si era que el recurso se había presentado de forma prematura.

Tomando en consideración la solicitud dispositiva presentada por el doctor Lafontaine Avilés y la oposición presentada por la parte apelante, el estudio de la totalidad de los autos ante el tribunal de instancia, así como ante este Tribunal, dispondremos de la controversia.

II

## A. El Recurso de Apelación

La Regla 52.2 (a) de Procedimiento Civil, [11] así como la Regla 13(A) del Reglamento del Tribunal de apelaciones,[12] disponen que los recursos de apelación tienen que presentarse dentro de un término jurisdiccional de treinta (30) días, desde el archivo en autos de copia de la notificación de la sentencia recurrida. Como es conocido, un plazo jurisdiccional es de carácter fatal. Ello, quiere decir que no admite justa causa, es improrrogable y que su incumplimiento es insubsanable.[13] Por otra parte, es menester acentuar que la correcta notificación de una sentencia es una característica imprescindible del debido proceso judicial.[14] De manera que, si la sentencia no fue notificada conforme a derecho, el Tribunal de Apelaciones no tendrá jurisdicción para atender la misma, ya que el recurso instado ante este foro será prematuro.[15]

Ahora bien, el término de treinta (30) días para acudir en alzada, antes señalado, puede quedar interrumpido mediante la presentación oportuna de una moción de reconsideración fundamentada.[16]  En tal caso, el término para apelar se contará a

---

[11] 32 LPRA Ap. V, R. 52.2 (a).
[12] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 22, 215 DPR __ (2025).
[13] *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000); *Arriaga v. FSE*, 145 DPR 122, 131 (1998); *Loperena Irizarry v. ELA*, 106 DPR 357, 360 (1977).
[14] *Rodríguez Mora v. García Lloréns*, 147 DPR 305, 309 (1998).
[15] *Berríos Fernández v. Vázquez Botet*, 196 DPR 245, 250-251 (2016).
[16] Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47.

partir del archivo en autos de la copia de la notificación de la resolución que resuelve la moción.[17] Esto, a pesar de que la moción se haya declarado sin lugar.

En lo pertinente al caso de marras, precisa destacar que es esencial que la moción de reconsideración se notifique a las demás partes en el pleito dentro de los quince (15) días establecidos por las Reglas de Procedimiento Civil para presentarla ante el tribunal.[18] Este término es de cumplimiento estricto. Aunque es norma harta conocida que los términos de cumplimiento estricto pueden ser prorrogados por los tribunales, estos no gozan de discreción para prorrogarlos automáticamente.[19] Entiéndase, que "la parte que actúa tardíamente debe hacer constar las circunstancias específicas que ameriten reconocerse como justa causa para prorrogar un término de cumplimiento estricto".[20] Si no lo hace, el tribunal carecerá de discreción para prorrogar el término. [21]

## B. La Notificación Adecuada

La Sección 7 del Artículo II de la Constitución de Puerto Rico,[22] al igual que las Enmiendas V y XIV de la Constitución de los Estados Unidos,[23] garantizan que ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley. Esta garantía procesal funciona de dos (2) vertientes, la sustantiva y la procesal. En lo referente a esta última, se ha entendido que "el debido proceso de ley procesal le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo".[24] Para garantizar las exigencias mínimas del debido

---

[17] Regla 47 de Procedimiento Civil, *supra.*
[18] *Íd.*
[19] *Soto Pino v. Uno Radio Group,* 189 DPR 84, 92 (2013).
[20] *Íd.*
[21] *Íd.*
[22] CONST. PR, Art. II, Sec. 7.
[23] CONST. EE. UU., Emda. V y XIV.
[24] *Rivera Rodríguez & Co. v. Lee Stowell, etc.,* 133 DPR 881, 887 (1993); *López Vives v. Policía de P.R.,* 118 DPR 219 (1987).

proceso de ley todo procedimiento adversativo debe satisfacer lo siguiente: (i) notificación adecuada del proceso; (ii) proceso ante un juez imparcial; (iii) oportunidad de ser oído; (iv) derecho a contrainterrogar testigos y examinar la evidencia presentada en su contra; (v) asistencia de abogado, y (vi) que la decisión se base en la evidencia presentada y admitida en el juicio.[25] A esos efectos, la característica medular de la garantía del debido proceso de ley es que el procedimiento seguido sea uno justo.[26]

La notificación adecuada es aquella que se dirige específicamente a la parte o a su representación legal.[27] Sobre este particular, nuestra jurisprudencia ha establecido que la incorrecta notificación atenta contra los derechos de las partes, al privarles de cuestionar el dictamen emitido y causarles demoras e impedimentos en el proceso.[28] Por ello, al no notificarse adecuadamente alguna resolución, orden o sentencia, estas no surten efecto y los términos no comienzan a transcurrir.[29]

### C. Las Directrices Administrativas del SUMAC

Las Directrices Administrativas para la Presentación y Notificación Electrónica de Documentos Mediante el Sistema Unificado de Manejo y Administración de Casos y el Formulario Interactivo (Directrices Administrativas del SUMAC), "[rigen] la presentación, la notificación y la tramitación electrónica de los escritos que formen parte de los procesos judiciales, a nivel de primera instancia y a nivel de los foros apelativos [. . .]".[30] De otra parte, estas directrices, regulan las responsabilidades y deberes de los abogados en el SUMAC.[31]

---

[25] *Hernández v. Secretario*, 164 DPR 390 (2005); *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, supra, a la pág. 889.

[26] *Rivera Santiago v. Srio. de Hacienda,* 119 DPR 265, 274 (1987).

[27] *R & G Mortgage v. Arroyo Torres y otros*, 180 DPR 511, 525 (2010).

[28] *Berríos Fernández v. Vázquez Botet*, 196 DPR 245, 250-251 (2016).

[29] *Bco. Popular v. Andino Solís,* 192 DPR 172, 183 (2015).

[30] Sección III de las Directrices Administrativas del SUMAC, aprobadas mediante la OAJP-2013-173 de 10 de enero de 2014, según enmendadas.

[31] *Íd.*

Sobre las notificaciones electrónicas, las referidas directrices disponen que "[l]a presentación electrónica de un escrito constituirá la notificación que debe efectuarse entre abogados y abogadas y entre partes, según disponen las Reglas de Procedimiento Civil y las Reglas de Procedimiento Criminal, siempre y cuando hayan comparecido al caso".[32] A tales efectos, una vez se presente un documento en el SUMAC, conforme al procedimiento establecido en las Directrices, "se generará una notificación electrónica del documento presentado a las abogadas y abogados registrados en el caso y los y las litigantes por derecho propio con correo electrónico registrado en el sistema".[33]

Ahora bien, "será deber del abogado o de la abogada presentante notificar todo escrito que presente en el SUMAC a la dirección que haya consignado la parte en el expediente para fines de notificación, de no haber sido notificado a través del sistema".[34] A esos fines, "el sistema emite una notificación entre partes que permite corroborar las partes notificadas a través de la plataforma electrónica y la dirección de correo electrónico al que se envió el documento".[35]

### D. La Falta de Jurisdicción por Presentación Tardía

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[36] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela, ni las partes pueden otorgársela.[37] Es norma reiterada en nuestro ordenamiento que "los tribunales deben ser celosos guardianes de su jurisdicción y que no

---

[32] Sección IX (5) de las Directrices Administrativas del SUMAC, *supra.*
[33] *Íd.*
[34] *Íd.*, Sección IX (6).
[35] *Íd.*
[36] *R&B Power, Inc. v. Junta de Subasta ASG*, 213 DPR 685, 698 (2024); *AAA v. UIA*, 199 DPR 638, 651-652 (2018).
[37] *Ríos Martínez, Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016).

tienen discreción para asumir jurisdicción allí donde no la tienen".[38] Igualmente, nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada.[39] De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias.[40] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[41] De lo contrario, cualquier dictamen en los méritos será nulo y no podrá ejecutarse.[42] Es decir, una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por tanto, inexistente.[43]

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardíamente. Un recurso de revisión tardío es aquel que se presenta fuera del término disponible para ello.[44] Consecuentemente, este recurso adolece del grave e insubsanable defecto de falta de jurisdicción.[45] De manera que, su presentación carece de eficacia y no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[46] Por otra parte, huelga decir que desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente ante ese mismo foro o ante cualquier otro.[47]

Como corolario de lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[48] confiere facultad a este Tribunal para a

---

[38] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

[39] *R&B Power, Inc. v. Junta de Subasta ASG*, supra, a la pág. 698.

[40] *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018).

[41] *In re Aprob. Enmdas. Reglamento TA*, supra, 2025 TSPR 42, págs. 109-110, 215 DPR __ (2025); *R&B Power, Inc. v. Junta de Subasta ASG*, supra, a la pág. 698.

[42] *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007).

[43] *Montañez v. Policía de P.R.*, 150 DPR 917, 921-922 (2000).

[44] *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015).

[45] *Julia et al. v. Epifanio Vidal, S.E.*, 153 DPR 357, 366 (2001).

[46] *Íd.*, a la pág. 367.

[47] *Yumac Home v. Empresas Massó*, supra, a la pág. 107.

[48] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 109-110.

iniciativa propia, o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción.

### III

Sabido es que, como cuestión de umbral, esta Curia tiene el deber de auscultar su propia jurisdicción para entender en un recurso apelativo. Esto, dado a que, si un tribunal carece de jurisdicción, no puede hacer más que, así declararlo y desestimar la reclamación sin entrar en sus méritos.[49]

En el caso del título, el 5 de noviembre de 2025, el foro *a quo* emitió una *Sentencia parcial* mediante la cual desestimó la causa de acción con perjuicio contra el aquí apelado, el doctor Lafontaine Avilés. **Dicho dictamen final parcial fue notificado a todos los representantes legales de las partes**. Puntualizamos que de los autos se desprende diáfanamente, que la *Sentencia parcial* fue notificada ese mismo 5 de noviembre de 2025.

En línea de lo anterior y de manera oportuna, el 20 de noviembre de 2025, la parte apelante interpuso una solicitud de reconsideración. La misma fue notificada mediante el sistema de notificación simultánea a través del SUMAC TPI a los representantes legales de las partes, **excepto** a los representantes legales del apelado.[50] No se desprende de los autos que se hubiese presentado posteriormente escrito alguno por la parte apelante, para subsanar la antedicha deficiencia.

Aún así, luego de recibida la solicitud de reconsideración, mediante *Orden*, emitida y notificada el 24 de noviembre de 2025, el tribunal de instancia denegó la misma. Esta *Orden* fue notificada a los representantes legales de las partes **excepto** a la representación legal del apelado.

---

[49] *R&B Power, Inc. v. Junta de Subasta ASG, supra,* a la pág. 698.
[50] SUMAC TPI, a la Entrada Núm. 185.

Posterior a estas incidencias procesales, el 17 de diciembre de 2025, se celebró una vista. Se desprende de la *Minuta* de la vista que se discutieron varios asuntos relacionados al estado procesal del caso.

Producto de la vista, el 16 de enero de 2026, notificada el 20 del mismo mes y año, el tribunal apelado emitió una *Resolución y Orden*, mediante la cual **ordenó a la Secretaría a notificar su determinación emitida en el SUMAC TPI, a la Entrada Núm. 186, a la representación legal del apelado.** Lo anterior debido a que, según hemos señalado, del volante de notificación de la *Orden* a la cual se ha hecho referencia, no se desprendía que la representación legal del apelado hubiese sido notificada. Empero, dicha gestión se había realizado mediante Notificación Enmendada desde el 17 de diciembre de 2025**.** En otras palabras, la *Orden* mediante la cual se denegó la solicitud de reconsideración fue vuelta a notificar, pero a todos los representantes legales de las partes mediante **Notificación Enmendada del 17 de diciembre de 2025**, fecha que coincide con la vista celebrada por el foro *a quo*.

Tomando como correcto el párrafo anterior, es de ver que la parte apelante contaba con un término a vencer hasta el 16 de enero de 2026, para presentar su recurso, el cual se extendió hasta el día siguiente, por ser el primero uno feriado. De los autos ante nos, se desprende que el recurso apelativo fue interpuesto el 16 de enero de 2026.

Ahora bien, como tribunal revisor y según expusimos, previo a entender en un recurso, tenemos la obligación de corroborar que tengamos jurisdicción para intervenir en los casos ante nuestra consideración.

Es norma harta conocida que los recursos de apelación deben presentarse dentro de un término de treinta (30) días desde el archivo en autos de la copia de la notificación de la sentencia

apelada.[51] Ahora bien, el referido término puede quedar interrumpido mediante una oportuna moción de reconsideración fundamentada.[52] Para esto, la parte que así lo interese, contará con quince (15) días, desde el archivo de la notificación de la sentencia, para solicitarle a la primera instancia judicial la reconsideración de su dictamen.[53] Ahora bien, será indispensable que la referida solicitud se notifique a las demás partes del pleito dentro de los quince (15) días que confieren las Reglas de Procedimiento Civil para presentar la solicitud.[54] Este término es de cumplimiento estricto.[55]

Particularmente, en aquellos casos tramitados de manera electrónica mediante el SUMAC, al presentarse una solicitud de reconsideración, la referida plataforma "generará una notificación electrónica del documento presentado a las abogadas y abogados registrados en el caso y los y las litigantes por derecho propio con correo electrónico registrado en el sistema".[56] No obstante, lo anterior, "será deber del abogado o de la abogada presentante notificar todo escrito que presente en el SUMAC a la dirección que haya consignado la parte en el expediente para fines de notificación, de no haber sido notificado a través del sistema".[57] Para facilitar esta gestión, "el sistema emite una notificación entre partes que permite corroborar las partes notificadas a través de la plataforma electrónica y la dirección de correo electrónico al que se envió el documento".[58]

Establecido lo anterior, puntualizamos que, según se desprende de la notificación a las partes generada mediante la plataforma SUMAC, la moción de reconsideración presentada por la

---

[51] 32 LPRA Ap. V, R. 52.2 (a); *In re Aprob. Enmdas. Reglamento TA*, supra, a la pág. 22.
[52] Regla 47 de Procedimiento Civil, *supra*.
[53] *Íd.*
[54] *Íd.*
[55] *Íd.*
[56] Sección IX (5) de las Directrices Administrativas del SUMAC, *supra*.
[57] *Íd.*, Sección IX (6).
[58] *Íd.*

parte apelante nunca fue notificada a los representantes legales del aquí apelado. Siendo así, el tribunal de instancia actuó sin jurisdicción cuando resolvió la moción de reconsideración, puesto a que esta nunca se perfeccionó ante la falta de notificación adecuada. En consideración a lo anterior, la parte apelante tenía hasta el 5 de diciembre de 2025, para presentar su recurso de apelación, sin embargo, no fue hasta el 16 de enero de 2026, que lo radicó, es decir, cuarenta y dos (42) días después.

Lo anterior, independientemente de las notificaciones enmendadas que emitiera el tribunal producto de las actuaciones *motu proprio* de la Secretaría del tribunal o por orden judicial, lo cierto es que todas las partes fueron notificadas correctamente de la sentencia del 5 de noviembre de 2025 y fue en esa fecha en que comenzaron a decursar los términos. De manera que, la parte apelante falló al no notificar su solicitud de reconsideración a la parte apelada, cuando el sistema SUMAC no le notificó la misma de forma simultánea, según requieren las Directrices de la referida plataforma. Es importante tener presente que una incorrecta notificación atenta contra los derechos de las partes, al privarles de cuestionar el dictamen emitido y causarles demoras e impedimentos en el proceso.[59] Es por ello, que la falta de cuidado de la parte apelante, al presentar su solicitud de reconsideración, no puede ser pasada por alto por esta Curia.

Conforme expusimos en nuestra previa exposición doctrinal, un recurso presentado fuera del término disponible para ello adolece del grave e insubsanable defecto de falta de jurisdicción.[60] Así, pues, su presentación carece de eficacia, de modo que este foro apelativo no tiene ninguna autoridad para acogerlo.[61]

---

[59] *Berríos Fernández v. Vázquez Botet*, 196 DPR 245, 250-251 (2016).
[60] *Julia et al. v. Epifanio Vidal, S.E.,* supra, a la pág. 366.
[61]  *Íd.,* a la pág. 367.

En mérito de todo lo antes expuesto, forzosamente concluimos que, aunque por otros fundamentos, le asiste razón al apelado, puesto a que el recurso fue incoado de forma tardía, por lo que no tenemos otro remedio que decretar la desestimación del presente recurso.

IV

Por los fundamentos que anteceden, se *desestima* el recurso por falta de jurisdicción tras haberse presentado de forma tardía.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones